Good morning, your honors. May it please the court, Michelle Nesbitt on behalf of the appellant Richard Corum. I filed a notice of supplemental authority yesterday, but I do want to point out that I'm not relying on that case as a main part of my argument. It's just a backup. My main argument is really that this is a cumulative error case. Each of my arguments in the briefing, on their own, I believe can stand. But really in light of all of them together is where this case errs. And that is the introduction of the video during the trial on the conspiracy charge. The fact that there was no limiting instruction on the video. Mr. Corum's inability to testify on one count without being forced to testify on the other count. And the denial of his right to cross-examine the witnesses against him. That doesn't seem to be the basis of the video, which you're arguing now, the basis for your objection down below, before the district court. It seems like you were arguing below that Mr. Corum had important testimony to give as to the tampering count and a strong reason not to testify as to the conspiracy count. It seems like the argument now that you're making as to why he wasn't allowed to sever, why the counts weren't severed, you're adding and making different arguments here on appeal. Do you agree that that was the only basis down below? The basis down below, and I'm sorry, I don't know if I understand your question. When the objection was made, or when the motion was made to sever the counts below, what were the reasons given? It seems to me that the reason that was given was that he had important testimony to give as to the tampering and a strong reason not to testify as to the conspiracy. Yes, I understand your question now. The motion to sever was based on the prejudice of the counts being tried together, and one of the reasons he listed of the prejudice was the evidence of one count coming in against the other count. For example, the video is evidence of the witness tampering count. It would be prejudicial to present that evidence on the conspiracy count, and he made that prejudice argument incorporating all of the evidence. The video was part of that evidence. That's your argument? Yes, in addition to the fact that he specifically mentioned the video in the motion for a new trial, after trial, not just as a part of the motion to sever. I think that that is an objection that wasn't necessarily clear until the end of the trial, of just how prejudicial this video was and the snowball effect of how many times it came up. The district court then said, well, the video would have come in anyway as evidence of consciousness of guilt. Isn't that what the district court said? Yes. Why was the district court wrong? I disagree with the district court on that point, because if you look at the counts truly separately, you separate out the conspiracy charge. The video was not evidence of consciousness of guilt, and in fact that was never argued at trial. If you read the closing arguments, government does not argue that the video was evidence of consciousness of guilt. The video was not even the best evidence. If there was no motion made on that video specifically basis, it seems like, other than, I guess that's getting to my other point, other than he wanted the count severed because he had important testimony to give us to the tampering count and strong testimony, which he never said was the strong testimony or reason not to testify to the conspiracy count. So it kind of brings us back to that, even though you're saying the video, he never explicitly said because the video will show that I was threatened, because this is what he's saying now, right? And that there was this fight, that he had to have a fight with somebody for some other reason. His argument is that, yes, that he had to have a fight for a different reason. That was his testimony that would have come in had the counts been severed. But he never said that. He did say that in his ex parte filings prior to trial on the motion to sever. He said that he gave his attorney filed proper testimony that he would testify that the reason he attacked Mr. Thomas in jail was because he was afraid of being locked into the chapel with both of the Thomas brothers, because there are no guards in the chapel when the prisoners are in the chapel. And so he made a ruckus to be pulled out of line. This is I want to make sure I understand the record did that the video did come in. Yes, the video did not just come in. The video was a main theme throughout the entire trial and the fact that Mr. Corn was in jail. And both counts were tried together. Yes. And there was was that what kind of limiting instruction was given to the jury? And that's my other argument. There was no limiting instruction whatsoever on this day. Was there one request? No. But my argument is that the judge, Sue Esponte, should have issued a limiting instruction because this video is extremely prejudicial, not just the fact that it came in, but it was a theme of the trial. It came in during openings. It was mentioned that he was in jail. It was a year previous, which means he had been in jail for a year. It came in on the second day of trial during Mylon Thomas's testimony. It came in on the third day of trial during Officer Jones testimony. It came in on the fourth day during closings. It was brought up every day throughout trial. This video and the fact that Mr. Corn was in jail was brought up continuously. And that's my argument that that is extremely highly prejudicial to him on a conspiracy count because that evidence on a 403 analysis would have been excluded if the conspiracy count was tried separately. Do you agree that we never placed on the record the reason as to why he said he didn't want to testify regarding the conspiracy count? I agree he did not give any specific statements of testimony. But when the government's case is weak, which I argue on the conspiracy case, it was weak, it was completely circumstantial. When the government's case is weak, a defendant's risk of being cross-examined may not outweigh the benefit to testifying. And that is one instance where that can qualify as a strong reason not to testify because of the risk and hazards of cross-examination. You can't make a tactical decision that he doesn't want to. He'll testify about certain things, but not other things. And it's just not clear to me when he offers that the basis for the reason that the severance was not granted unfairly or unlawfully, not granted to him, that it's because he really didn't or couldn't or needed to refrain from testifying regarding the conspiracy count. There's no reason given, then or now. As you stand here before me, I still don't know that. I agree there was no specific statement given that he would have testified to had he been able to testify only, or that he would have been trying to avoid had he been forced to be cross-examined on the conspiracy. But as any defense attorney can tell you, you would never put your client on the stand. The risk and hazards of putting somebody on the stand to be cross-examined is enough. And there's a case, I believe it's Gilman, that basically states that. When the government's case is weak, the risk of getting on the stand far outweighs the benefit that you could possibly do testifying on your behalf. I would like to reserve some time for rebuttal. All right, thank you. Morning, Jack Schmidt, Maloney USA for Juneau, Alaska. Welcome. Thanks, Court. Your Honors, the argument that's being made here is that he had important testimony to testify on some counts. And then he also was required to show that he had a strong need for refraining from the other. The argument now that's being made is that he didn't want to be subject to cross-examination. However, if you look at Rock v. Arkansas, the Supreme Court there said, hey, look, your right to testify is not infringed just because bad stuff may come out. And the fact that he may have had detrimental things that he may have been cross-examined on, he would have to, I mean, it doesn't take away his choice. And so in this particular case, the only evidence that's been presented that he had the first problem is the important testimony that he had was completely implausible. What he was trying to say that he was going to testify to was essentially a preemptive self-defense claim that he attacked the cooperating witness because he was going to be attacked. But that was completely inconsistent with what the video had shown. The video had shown that Mr. Quorum had actually waited for Mr., for the cooperating witness to get into the hallway. And then when they were walking together, he went from one side of the hallway to the other side, punching. Now, I would propose that, I submit to the court here, that if the intention was that he was going to be assaulted by the cooperating witness, as he alleged in his filing with the court, that he would have, that the cooperating witness would have immediately taken that opportunity where he's being attacked, that he would retaliate against him. Instead, the video shows that he ran to the guard immediately thereafter. So he never presented any evidence that would show that he would testify because he didn't go to the guards nearby. He didn't immediately explain. He didn't, you know, he could have not went to church that morning. He also, when he called his witness, he didn't call the prisoner witness that said the cooperating story. He never called him. And he asked, he called the prison guard, but yet he never asked any questions about his future. I think we got your point there. Let me make sure I understand. There were two counts here. There were two counts. And one was of conspiracy to distribute. Correct. And the other was the threatening of the witness. And was the witness going to testify with respect to the drug conspiracy? Yes. So they're related. Oh, yes. They're very, they're inextricably intertwined. I mean, the court, Judge Burgess correctly ruled that it was consciousness of guilt, the witness tampering count, was consciousness of guilt of the underlying drug conspiracy. And the drug conspiracy was an underlying motive for the witness tampering. So there was no way that it could be broke out. But even if it was broke out and Mr. Quorum decided to testify, that evidence would have been admissible in the drug conspiracy count. So essentially, the defendant has failed to even meet the first prong of important testimony. But even if the court were to say, OK, well, he wanted to testify and it's important, there was no showing as to the second element, which is a strong need to refrain from testifying. And the only thing that comes in the record is from the opening brief of 21, in which it was a conclusory statement, basically saying Mr. Quorum had a strong need to refrain from testifying on the conspiracy count. There was no mention in his filings in ER 225, 228, supplemental motion to separate counts for separate trials, and in his motion for a new trial, which was after the trial at ER. What would the tape have to show in the conspiracy trial? Excuse me? Would the tape, would it have to have been shown in the conspiracy trial? Would it have to have been shown? Would you have introduced the tape? Yes. Why? Because it was consciousness of his guilt that he assaulted the individual. He assaulted the witness because he knew he was going to testify against him. And it was, it's relevant evidence. It shows that, you know, and the circumstances were the most important part, is that there, the assault was, was done for the purpose to intimidate the witness. And the video showed that it was an unprovoked attack, and it wasn't anything like self-defense, which he was claiming because of Mr. Quorum's stature. Didn't you have the submission evidence be, without showing that, the video to convict Mr. Quorum of the conspiracy to distribute? We could, could we have convicted him without it? Yes. Possibly, yes. Possibly? I mean, I would say yes. We had four, we had four cooperating witnesses that were testifying against him. But the video, I mean, was, was clear that his intent was to assault Mr., for the cooperating witness. There's no further questions on that issue. I, I would go back to the other issues. The third issue, that the district court didn't abuse its discretion when it declined to strike the cooperating witness's testimony because it was a collateral matter, and the defendant had a full and fair opportunity to cross-examine the, the witness. The court, it's a very deferential standard, has wide discretion to determine whether or not the testimony should be stricken. And this court has said in Lord that striking witness testimony is an extreme sanction, and it's only appropriate where a witness refuses to answer questions that go to the heart of direct testimony on a central issue. The inter, the cross-examination of the cooperating witness was direct, and it was very brief. He acknowledged that he was testifying pursuant to a plea agreement, described his own role in the drug conspiracy, testified as the defendant's role in the conspiracy, and then he had a full opportunity to test him about the substance of the charges and his testimony underlying that. He chose not to do that. Instead, the, the defense focused solely on the cooperating witness collateral matter of a shooting that occurred in California, and was able to bring in the high bail to, before the jury. He outlined the charges and read from the charging document that identified the victims in that case. He also was allowed to continue asking questions as well as requiring the defendant to take the Fifth Amendment and basically had made a conclusive restatement and then a compound question that he had to beef with him as a result of that in which he took the Fifth Amendment. But I would submit that he had a full opportunity to cross-examine him. In the trial record 3-37, the defendant is cross-examined and asked him the question, you told prosecutors you had a falling out with Richard Corum and Ariana, right? And then the answer was, I did not have a falling out with Ariana. Well, you had just, just Richard was the answer. So he had a falling out with Richard, yes. And so he was able to effectively question him that he had a beef with him or an issue with the defendant. And for him to go into the collateral matter of the shooting went far beyond what the government was willing to accept. But Judge Burgess, in trying to be fair to the defendant, gave him that full opportunity to go into the matter. And then lastly, I just briefly, defendant waived the claim as to the video anyways. He did not object any time during trial. The only time he ever brought up the video was during his motion for new trial. And in that case, I think under 12E, it's waived. This court, Masali, also has said that it's waived, even abstinent right to intent to relinquish it. And so I don't have any other... So the video was not involved in the basis for the motion to sever? Correct. Before trial. Yeah, and he actually, he admitted the evidence. I mean, during the beginning of the trial, there was a lot of discussion about the inquiry to the cooperating witnesses about collateral matters. And during that time, Mr. Barkley and Mr. Offenbecker, the two defense counsel, and Mr. Barkley with the government side, they basically agreed that they were going to introduce the video. And the government introduced the video. He never objected. And then the defendant introduces the video himself. Not only did he introduce the video, it was a slow motion version of the video going piece by piece throughout the entire contact between the two. All right. Thank you, counsel. I just want to hit two points here. One is that I don't think the video would have been admitted as evidence because not only was it prejudicial, it was not probative to the evidence tampering. If you go back and look at Mylon Thomas's testimony regarding that, the tampering with a witness, excerpt of record 44 and 50, he makes the statement that Coram had threatened him a couple of days earlier saying, if you testify against me, I might have to make sure something happens to you. That is evidence possibly of witness tampering. The video is completely ambiguous. If Mr. Coram had been given the benefit of the presumption of innocence, he would be upset if somebody was testifying against him and assaulting that person does not equate to evidence tampering. And that's why I think the video itself would have been excluded. Perhaps other evidence such as Mylon Thomas's testimony would have come in as consciousness of guilt and conspiracy charge, but I don't think the video would have come in. The other point I want to make is regarding the waiver issue on the video. One of the cases stated by the government talks about the motion to suppress and he was trying to suppress the towels and originally before trial, he made a motion based on the warrant being insufficient and then after trial, made the same motion based on, or I guess it was on appeal, that there was no probable cause. That is more of a waiver issue. That is two different bases to keep out the same piece of evidence. Here, the motion to sever, the basis was prejudice. That prejudice includes the video. It was prejudice of the two counts being tried together. Yes. But no specific reference to the video was made, especially how it's being made now. Is that correct? There was the statement that if the evidence... The statement in the motion, the pre-trial motion to sever was, here the risk is that the evidence from the assault case, which is the witness tampering case, would not and should not be admissible in the drug conspiracy case. Using evidence rule 404B for an analytical framework demonstrates the evidence is not cross-admissible. If the jury hears the evidence from the assault, it could lead unfairly to conclude that Mr. Kaur must be guilty of the drug conspiracy. And that's the prejudice from all of the evidence in the witness tampering case. I think it's more akin to a motion to suppress and not listing all of the evidence. Specifically, if you're trying to suppress all of the evidence in a car, is it a new basis? Because you didn't mention a specific... That's a very general motion. It is general. You're now trying to argue what would cause the prejudice and that specific thing. That was never argued in the motion. It is general, but I think that the... The extreme prejudice in the video was truly not apparent until after the trial and how many times it came up and how big of a theme it was throughout the trial was truly not apparent until the end of the case. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, Murguila, Schroeder